SAMUEL, Judge
(dissenting).
I agree with the majority finding of liability on the part of defendants but I am in disagreement with the action taken by the majority in connection with the trial court award of damages.
The collision between the dump truck and the Buick automobile was a relatively minor one. All the evidence is to the effect that both vehicles were traveling slowly, either 10 or IS miles per hour, and that the truck did not move after the impact while the car moved only a distance of 12 to 15 feet. The right front of the truck struck approximately the middle of the left front door of the automobile. There was no damage to the automobile except a popped out windshield and some damage (apparently small) to the door.
It is inconceivable to me, as it was to the trial judge, that the truck could have suffered the amount of damage sought by plaintiff. In addition to the fact that the police report definitely shows that the damage to the truck was light, it seems probable, although admittedly not certain, that the much heavier truck, striking as it did with its fender and bumper, would have suffered far less damage than claimed. This is especially true in view of the fact that some of the items claimed are highly suspicious. They include, for example, the replacement of the truck’s axle, battery and rear cab glass, together with the repair of the bottom of the left door and the straightening out of the left running board, despite the fact that the left side of the truck was not directly involved in the impact.
Having alleged the damages which it seeks, the burden of proving the same was upon the plaintiff. It is quite clear that the trial judge was not satisfied with the proof and I feel properly so. He eliminated from his award items which he considered as not having been sufficiently proved. As the labor item of the bill ($419.50) is entered as a whole and does not specify how much labor is applicable to each repair or replacement, it thus became necessary for the trial court to subtract from his award the labor cost of those items which he disallowed. The method by which this was accomplished (by allowing 70% of the labor claimed) is the only part of the judgment to which any objection should be made. The trial court certainly had the right to believe or disbelieve all or part of the testimony produced by plaintiff to prove the damages caused to the truck by the accident.
I feel that a more proper action by this court would have been either to allow none of the damages, as being insufficiently proved, or to remand the case for the purpose of giving plaintiff an opportunity to prove the labor costs involved in such damages as should be allowed. The action of the majority not only gives to plaintiff all of the damages it claims, despite the fact that plaintiff has not properly proved all of such damages, but also reverses the trial court on a question of fact involving only the credibility of witnesses.
I respectfully dissent.